IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Khidhr Greene, #251845, | ) | C/A No.:  1:12-3361-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Lieutenant Anthony Pickney; RN | ) | |
| Dymphna Horan; and Physician II Dr. | ) | |
| David A. Hammock, Jr., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se and in forma pauperis, alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Before the court is a motion for summary judgment filed by Defendants on May 20, 2013.  [Entry #25].  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d) (D.S.C.).  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on May 21, 2013, advising him of the importance of a motion for summary judgment and of the need for him to file an adequate response.  [Entry #26].  The *Roseboro* order was returned as undeliverable to the Clerk of Court's office via the United States Postal Service on June 3, 2013, with a notation that Plaintiff was "no longer at this address."  [Entry #28].  Plaintiff was previously directed by order of this court to keep the court apprised of any change in address:

> You are ordered to always keep the Clerk of Court advised **in writing (901 Richland Street, Columbia, South Carolina 29201)** if your address

changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you.  If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court.  Your failure to do so will not be excused by the court.

[Entry #8] (emphasis in original). No response has been filed by Plaintiff to Defendants' motion for summary judgment, and Plaintiff has not notified the court of any change of address.  Plaintiff has failed to comply with the court's order, and as a result, neither the court nor Defendants have any means of contacting him concerning his case.

Based on the foregoing, it is recommended that this action be dismissed with prejudice, in accordance with Fed. R. Civ. P. 41(b).  The Clerk is directed to send this Report and Recommendation to Plaintiff at his last known address.

If Plaintiff notifies the court within the time set for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.  If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the district judge for disposition.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 4, 2013                                      Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).